JEANINE T. DIXON *v.* UNITED ILLUMINATING COMPANY (13594)

DUPONT, C. J., and FOTI, LAVERY, LANDAU and HEIMAN, Js.

Considered September 21—decision released November 1, 1994

*William F. Gallagher,* for the appellee (plaintiff).

*Edward T. Falsey,* for the appellee (defendant).

PER CURIAM. This appeal comes to us from the compensation review board pursuant to General Statutes § 31-324, which authorizes the board to reserve a case to this court if the board is "of the opinion that the decision involves principles of law which are not free from reasonable doubt and which public interest requires shall be determined by the appellate court, in order that a definite rule be established applicable to future cases . . . ." The statute additionally provides that this court *shall* reserve the case for the opinion of the Supreme Court unless it is this court's opinion that "the principles of law involved in the decision are in fact free from

reasonable doubt and the public interest does not in fact require that they be determined by the supreme court . . . ." In such event, we may, in our discretion, hear and determine the controversy as in other cases. General Statutes § 31-324; see Practice Book § 4165.5. Having examined the questions reserved by the board, we conclude that the decision involves principles of law that are *not,* in fact, free from reasonable doubt and that the public interest *does,* in fact, require that the questions be determined by the Supreme Court.

In 1987, Kenneth Dixon injured his back and neck while employed by United Illuminating Company. United Illuminating paid Dixon workers' compensation benefits for treatment of those injuries. In 1993, Dixon committed suicide. The plaintiff, Dixon's widow, sought further benefits, claiming that her husband's suicide was due to his injuries. United Illuminating contested the compensability of her claim, and the matter was assigned to the fourth district of the workers' compensation commission. While the case was pending, Jesse M. Frankl, chairman of the commission, was approached by a representative of United Illuminating who claimed that the company was not being treated fairly in the fourth district and identified this case as an instance of such treatment. The representative was not the lawyer representing United Illuminating in this matter. As a result of this conversation, the chairman ordered that the case, which had been the subject of several informal conferences, be transferred to the third district. Thereafter, the plaintiff requested by motion that a hearing be held concerning the transfer and that the transfer order be stayed pending the outcome of the hearing. The motion was denied and no hearing was held.

In a ruling dated April 12, 1994, the chairman set forth his reasons for transferring the case to the third district. He reasoned that General Statutes § 31-280

provides administrative authority for such transfers and that the legislative history of the statute indicates that workers' compensation districts cannot be viewed as isolated, autonomous jurisdictions. He stated that General Statutes § 31-278, as amended by Public Acts 1991, No. 91-339, eliminated any jurisdictional link between the filing of a claim and the district in which it is heard and he concluded that the district "where a claim is heard is entirely an administrative matter committed to the sound discretion of the chairman." The chairman thus denied the motion for hearing and stay, and directed the third district to proceed with the case. The plaintiff subsequently filed a motion to correct, which was denied.

The plaintiff appealed to the board from the denial of the motion for hearing and stay and the denial of the motion to correct. The board thereupon reserved to this court the following questions: (1) (a) Did the chairman of the workers' compensation commission properly deny the claimant's motion for hearing on order of transfer and motion to stay? (b) Was that denial a proper exercise of the chairman's authority pursuant to General Statutes § 31-280, specifically subdivisions (6), (14) and (16) of subsection (b)? (2) Does the compensation review board have jurisdiction over appeals taken from the chairman's exercise of powers conferred to him by General Statutes § 31-280? Or in the alternative: May a party aggrieved by the chairman's ruling on a motion relating to an order of transfer seek review and redress before the compensation review board given the limitations of General Statutes § 31-301 as to the compensation review board's appellate jurisdiction?

This case raises important and previously unanswered questions regarding the administration of Connecticut's workers' compensation scheme. As the chairman pointed out in his decision, the legislature in

1991 made sweeping changes to the portions of the Workers' Compensation Act that involve the basic structure of the system. See Public Acts 1991, No. 91-339.[1] The ramifications of these revisions have yet to be considered by either this court or the Supreme Court. We, therefore, conclude that this matter raises issues of first impression that are not, in fact, free from reasonable doubt and that the public interest does, in fact, require that they be determined by the Supreme Court.

The case is reserved for the opinion of the Supreme Court.

---

[1] In 1993, the legislature made further extensive changes to the Workers' Compensation Act. Public Acts 1993, No. 93-228. The 1993 amendments do not have any significant impact on the statutory provisions at issue in this case.